[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Before the court is a motion to strike special defenses. The plaintiff in this action is Electroformers, Inc., and the defendant is a former employee of the plaintiff, Russell A. Richter. In a three count complaint, filed July 10, 2001, the plaintiff alleges that the defendant: one, usurped a potential business opportunity of the plaintiff two, engaged in conduct that violated General Statutes § 42-110b (a) of the Connecticut Unfair Trade Practices Act (CUTPA); and, three, breached his fiduciary duty to the plaintiff The gravamen of the plaintiffs complaint is that the defendant, who was formerly a high ranking employee of the plaintiff, usurped a business opportunity of the CT Page 1920 plaintiff when he bought another electroforming business, which he knew the plaintiff intended to acquire.
On October 1, 2001, the defendant filed an answer and six special defenses, four of which the plaintiff seeks to strike. The special defenses at issue in the motion are the first, sounding in waiver; the second, alleging that the plaintiff failed to mitigate. his damages; the fourth, asserting that the plaintiff has failed to state a claim upon which relief can be granted under CUTPA; and the fifth, sounding in comparative negligence. The plaintiff filed the motion to strike and a memorandum of law on October 18, 2001. The defendant filed a memorandum in opposition on October 31, 2001, and the plaintiff filed a reply to the defendant's opposing memorandum on November 13, 2001. The court entertained the motion at short calendar on November 19, 2001.
Two issues presented by this motion were resolved at short calendar. The defendant withdrew his fourth special defense, and the court granted the motion to strike the second special defense. Accordingly, only the first and fifth special defenses remain at issue.
"Whenever any party wishes to contest . . . (5) the legal sufficiency of any answer to any complaint, counterclaim or cross complaint, or any part of that answer including any special defense contained therein, that party may do so by filing a motion to strike the contested pleading or part thereof" Practice Book § 10-39. "The function of a motion to strike is to test the legal sufficiency of a pleading; it admits all facts well pleaded." (Internal quotation marks omitted.) Dodd v.Middlesex Mutual Assurance Co., 242 Conn. 375, 378, 698 A.2d 859 (1997). The court "must read the allegations of [pleadings] generously to sustain [their] viability, if possible. . . ." (Internal quotation marks omitted.) Eskin v. Castiglia, 253 Conn. 516, 522, 753 A.2d 927 (2000). "[P]leadings must be construed broadly and realistically, rather than narrowly and technically." (Internal quotation marks omitted.) Gazo v.City of Stamford, 255 Conn. 245, 260-6 1, 765 A.2d 505 (2001).
In his special defense of waiver the defendant alleges that after he left his employment with the plaintiff to purchase and run a second company, Bowers Molds, Inc., the plaintiff hired him to serve as a consultant to the plaintiff The defendant also alleges that the plaintiffs claims arose prior to the time it hired the defendant as a consultant, and that at that time, the plaintiff knew or should have known it had the right to pursue claims against him.
In its motion to strike, the plaintiff asserts that these facts do not support a claim of waiver. "Waiver is the intentional relinquishment of a known right. . . . It is also a question of fact." (Citations omitted; CT Page 1921 internal quotation marks omitted.) New Milford Savings Bank v. Jajer,244 Conn. 251, 261 n. 15, 708 A.2d 1378 (1998). Waiver can be express or implied. Wadia Enterprises, Inc. v. Hirschfeld, 244 Conn. 240, 252,618 A.2d 506 (1992). Here, the defendant argues that the plaintiff impliedly waived its claim when it hired him as a consultant. Viewed in a light most favorable to the pleader, the court concludes that the alleged facts support a special defense of waiver. Accordingly, the motion to strike the defendant's first special defense is denied.
The remaining special defense of comparative negligence is directed at the plaintiffs breach of fiduciary duty claim found in count three of its complaint. The plaintiff argues that negligence is not a defense to a breach of fiduciary duty claim. The plaintiff is correct in stating that General Statutes § 52-572h (k) expressly states that comparative negligence is not a defense to a fiduciary duty claim. Accordingly, the motion to strike the fifth special defense is hereby granted.
 ___________________ White, J.